Entered on Docket
January 25, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: January 25, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 20-30819-DM ) |
| BENJA INCORPORATED, | ) Chapter 7 ) |
| Debtor. | ) ) |
| | ) Adversary Case No. 21-03060-DM |
| KYLE EVERETT, TRUSTEE, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THOMAS B. PETERS, | ) ) |
| Defendant. | ) ) |

**ORDER DENYING MOTION TO DISMISS**

    Cases under Bankruptcy Code section 548(a)(1)(A) (actual fraud)(and their state law counterparts) focus on the wrongdoing of the transferor, such as here. As pled, and thus deemed true for Rule 12(b)(6) motion purposes, Benja's principal, Mr. Chapin, is an admitted felon who defrauded creditors and investors out of millions of dollars.

-1-

Fraudulent transfer defendants, such as Mr. Peters here, often claim a complete lack of complicity in the conduct labelled by his counsel as Very Bad Business, but not necessarily a Ponzi scheme. They also often claim to be victims although here apparently Mr. Peters got his $250,000 back within days of parting with it.

Mr. Peters might someday win this lawsuit on all counts. But on this record, which includes his counsel's knowing disregard of the "deemed true" principle, adds his own "alternative" facts and then adds his own view of the emerging Ponzi Presumption in actual fraudulent transfer cases, he cannot succeed.

For the same reason, his invocations of Rule 9(b)'s call for specificity and the complaint's lack of plausibility are also unavailing. Mr. Chapin's admitted criminal conduct and plea are undisputed (although perhaps should have been stated specifically in the complaint by reference to the criminal record) and establish **his** actual fraud for purposes of this adversary proceeding. And the plausible facts of what Mr. Peters knew and did span all of three weeks (September 4-25, 2020) (see Complaint, paragraphs 18-42).

At this point, however, the record will not support Mr. Peters' desired outcome. He is welcome to try again with a motion for summary judgment on a more fully developed record.

The Motion to Dismiss (Dkt. 4) is DENIED and DROPPED from the January 28, 2022, calendar. Mr. Peters must respond to the Complaint within twenty-one days from entry of this order. The

January 28, 2022, Scheduling Conference is CONTINUED to February 25, 2022, at 1:30 PM.

**END OF ORDER**

COURT SERVICE LIST

ECF Recipients