Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for Inverness Advisors, LLC and Tom Peters

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED<br><br>Debtor | Case No. 20-30819 DM<br><br>Chapter 7 |
| KYLE EVERETT, TRUSTEE<br>    Plaintiff<br><br>vs.<br><br>THOMAS B. PETERS<br>    Defendant | Case No. 21-03060 DM<br><br>DATE:    February 25, 2022<br>TIME:    1:30 p.m.<br>JUDGE:  Honorable Dennis Montali |

### DEFENDANT'S STATUS CONFERENCE STATEMENT

      Defendant believes that it is entirely premature to address the scheduling contemplated by Fed. R. Civ. P. 16 due to a nascent discovery issue which is likely to become clear over the next 90 days.

In the Debtor's waning days, Defendant wired $250,000 to the Debtor as an equity investment. It immediately became clear that the transfer was fraudulently induced, the Debtor admitted as much and, a week later, returned the funds (the "Return").

Through this Adversary Proceeding, the Trustee seeks to avoid the Return as a fraudulent transfer. The Trustee asserts, and the Defendant disputes, that the Debtor operated as a Ponzi scheme and that the Return was "in furtherance of" that Ponzi scheme. These two issues are at the core of this lawsuit.

The Trustee has the burden of proving that the Debtor was a Ponzi scheme and that the Return was made "in furtherance of" that Ponzi scheme. In the ordinary scheme of things, at trial, the Trustee might produce 100 .pdfs as proof on those two issues. The focus of the Defendant's discovery would be to identify and review those .pdfs in preparation for the trial.

The Trustee has recently sought and obtained authorization to engage an electronic discovery consultant to assist in producing discovery, apparently precipitated by the larger pending avoidance action, *Everett v. MHC*. That action involves a multitude of transactions and apparently requests for electronic discovery.

The Defendant in this action believes that the course of this litigation will be largely affected by the manner in which the Trustee produces discovery. If the Trustee produces, for example, the "100 .pdfs," discovery could conclude promptly and the case could go to trial soon. On the other hand, if the Trustee produces discovery in its "native" electronic form, the Defendant would be potentially required to go to substantial expense and suffer substantial delay in his efforts to decipher the discovery produced.

The Defendant anticipates receiving the Trustee's initial discovery responses within 90 days. At that juncture, the future course of this litigation will become much clearer.

Respectfully submitted,

DATED: February 18, 2022        ST. JAMES LAW, P.C.

By: /s/ Michael St James  
Michael St. James  
Counsel for Defendant