Stephen D. Finestone (SBN 125675)
Jennifer C. Hayes (SBN 197252)
Ryan A. Witthans (SBN 301432)
FINESTONE HAYES LLP
456 Montgomery St., 20th Floor
San Francisco, California 94104
Telephone No.: 415.414.0466
Fax No.: 415.398.2830
sfinestone@fhlawllp.com
jhayes@fhlawllp.com

Attorneys for Kyle Everett,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED, aka EPHE CORPORATION,<br><br>    Debtor. | Case No. 20-30819 DM<br>Chapter 7 |
| KYLE EVERETT,<br>TRUSTEE IN BANKRUPTCY,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS B. PETERS,<br><br>    Defendant. | Adversary Proceeding No. 21-03060 DM<br><br>**PLAINTIFF'S STATUS CONFERENCE STATEMENT**<br><br>Hearing:<br>Date:  February 25, 2022<br>Time:  1:30 A.M.<br>Place:  Tele/video conference<br><br>**Remote appearances only** |

Plaintiff, Kyle Everett, ("Plaintiff" or the "Trustee"), submits the following statement regarding the upcoming status conference.

**BACKGROUND:**

Defendant, Thomas Peters ("Defendant"), purchased a small investment in the Debtor at or around the same time as Debtor retained Peters' company (Kema Investments) to act as an investment broker. Many months later, Peters agreed to make an additional $500,000 investment

PLAINTIFF'S STATUS CONF. STMT.

in the Debtor. Peters invested $250,000 of the commitment but then became concerned over the viability and authenticity of Debtor's business. Peters then demanded repayment of the $250,000. The Debtor agreed and a share repurchase agreement was drafted by Debtor and edited by Peters, but ultimately not signed by the parties. Debtor paid Peters the $250,000 a few weeks before filing bankruptcy. After making a demand on Peters for repayment of the transfer, which demand was rejected, the Trustee filed this lawsuit.

**STATUS OF THE LITIGATION AND DISCOVERY:**

After the Court denied Peters' motion to dismiss, he timely filed his answer on February 15, 2022 (ECF 9). While the complaint focuses on avoiding the alleged fraudulent transfer to Peters, the Trustee intends to amend the complaint (via stipulation or motion for leave) to add a preference claim under Section 547. As such, it makes sense to continue the status conference for 60-90 days.

In terms of the discovery issues, in his Status Conference Statement, Peters alludes to the Ponzi scheme issues in another case, *Everett v. MHC Financial,* Case No. 21-3036 (the "MHC Litigation"). The MHC Litigation involves transfers of close to $5 million and involves both fraudulent transfer and preference theories of relief.

Regarding Peters' idea about the Trustee producing some limited number of pdf documents, apparently streamlining, or simplifying Peters' discovery, the Trustee is uncertain of how to respond. Peters will propound the discovery he feels is appropriate to the case and the Trustee will produce the documents responsive to those requests as required by the discovery rules. The Trustee does not get to select which documents to produce as the most important and as such limit the discovery Peters needs to review.

Dated: February 22, 2022                    FINESTONE HAYES LLP

By: /s/ Stephen D. Finestone
    Stephen D. Finestone
    Attorneys for Kyle Everett, Trustee in Bankruptcy